UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE JOEL VINCES, | ) | Case No. 4:24-cv-1199 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Amanda M. Knapp |
| | ) | |
| IAN HEALY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION AND ORDER**

Pursuant to 28 U.S.C. § 2241, *pro Se* Petitioner Jorge Joel Vinces applied for a writ of habeas corpus.  (ECF No. 1.)  Mr. Vinces is a federal prisoner incarcerated at FCI Elkton in connection with a sentence imposed in the Southern District of California.  In his petition, Petitioner states without further explanation or factual development that he is challenging the "Application of [his] credit for the First Step Act" by the Bureau of Prisons.  (*Id.*, ¶6(c), PageID #2.)  For relief, he asks for credit, in an unspecified amount, be applied and for his "immediate release."  (*Id.*, ¶15, PageID #3.)

Federal district courts must conduct an initial review of habeas corpus petitions.  *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court.  Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that it must dismiss the petition.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). The petition does not set forth allegations sufficient to "show reason to believe" that Petitioner has a plausible claim under the First Step Act. *Alexander*, 419 F. App'x at 547 (federal prisoner provided sufficient factual allegations to survive dismissal at screening stage where he alleged he was entitled to credit for time served on a federal detainer between day he was granted parole by state and date on which his federal sentence commenced). Here, Petitioner contends in purely conclusory terms that he has a right to credit under the First Step Act. But his petition does not set forth facts or allegations from which an inference can be drawn that Petitioner is entitled to such credit under the terms of the Act, or, that the Bureau of Prisons has somehow erroneously calculated or refused to afford him credits to which he is entitled.

Further, even if the petition suggested a plausible claim under the First Step Act, before seeking habeas corpus relief under Section 2241, a federal prisoner must first exhaust his administrative remedies with the Bureau of Prisons. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231–33 (6th Cir. 2006). Exhaustion requires a prisoner to attempt informal resolution with prison staff, pursue a written complaint with the warden, and, if necessary, file appeals with the regional director of the Bureau and then the office of the General Counsel. *Chastain v. Williams*, No. 4:20-cv-1036, 2020 WL

5994519, at *3 (N.D. Ohio Oct. 9, 2020). "[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Exhaustion is excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).

On the face of the petition, Petitioner fails to show that he has exhausted his remedies with the Bureau of Prisons. He states that he "does not have enough time because [his] release is in July." (ECF No. 1, PageID #2 & #4.) But the Court does not find that this allegation, if true, demonstrates exceptional circumstances excusing exhaustion. Petitioner must pursue his request for sentence credit with the Bureau of Prisons. Only then, if he disagrees with the BOP's decision, can he petition the Court to examine the matter. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). "It is settled law that this issue is not ripe for review until the [BOP] has ruled on a defendant's request for credit." *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996); *see also Washington v. Bureau of Prisons*, No. 1:19-cv-1066, 2019 WL 6255786, at *3 (N.D. Ohio July 3, 2019) (agreeing "with the sound reasoning of other district courts that Petitioner must first exhaust his administrative remedies before bringing a § 2241 petition, and that the provisions of the First Step Act do not alter this requirement or render the requirement futile"), *report and recommendation adopted*, 2019 WL 6251777 (N.D. Ohio Nov. 22, 2019).

## CONCLUSION

For these reasons, the Court **DENIES** the petition and **DISMISSES** it pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. This dismissal is without prejudice to Petitioner's filing a petition in a new case regarding his sentence credits following complete exhaustion of his administrative remedies. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: October 3, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio